IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

|  |  |
|---|---|
| DONNIE GASKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMERON McCARTY et al.,<br><br>        Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:10-CV-007 DAK<br><br>District Judge Dale A. Kimball |

      Plaintiff, Utah State Prison inmate Donnie Gaskins, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2012).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id*. § 1915.  Before the Court are Plaintiff's motions for appointed counsel and discovery, and Defendant's motion for summary judgment.

### ANALYSIS

### I.  Introduction

      Plaintiff's Amended Complaint alleges cruel and unusual punishment in violation of the Eighth Amendment based on Defendant's alleged threat to sexually assault Plaintiff.  Plaintiff broadly alleges that Defendant "made sexual advances toward [Plaintiff]" and "tried to use [Plaintiff] as his slave."  (Am. Compl. at 3.)  More specifically, Plaintiff alleges that Defendant "asked [Plaintiff] to suck his dick then demanded that [Plaintiff] do it [and] made claims that he could do what he wanted to do with [Plaintiff] and no one could do anything about it."  (Am. Compl. at 4.)  Plaintiff further asserts that these alleged acts violated his right to due process and

equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution.  (Am. Compl. ¶ A3).  Plaintiff alleges that he suffered mental and emotional injury as a result of Defendant's statements.  Plaintiff seeks damages in the amount of $500,000.[1]

On October 17, 2011, in conjunction with his motion for summary judgment, Defendant filed a *Martinez* Report[2] (doc. nos. 41 and 65) addressing Plaintiff's allegations.[3]  Based on the evidence presented in the *Martinez* Report, Defendant moves for summary judgment asserting that Plaintiff's allegations, even if true, do not show a constitutional violation.  Defendant further asserts that any claim for compensatory damages is barred under the PLRA for failure to allege any accompanying physical injury; and, that Plaintiff's allegations do not meet the standard for an award of punitive damages.  Finally, Defendant asserts that he is entitled to qualified immunity because it was not clearly established at the time of the alleged violations that his conduct was unlawful.

## II. Plaintiff's Motion for Appointed Counsel

Plaintiff moves for appointment of counsel to represent him in this case.  Plaintiff asserts that appointed counsel is necessary because he is unable to conduct depositions and other discovery on his own.  Plaintiff also asserts that "fairness" demands that he be appointed counsel,

---

[1]  Plaintiff does not specify whether these damages are compensatory, punitive, or both.

[2] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the Tenth Circuit approved the practice of district courts ordering prison administrators to prepare a report to be included with the pleadings in cases where a prisoner alleges a constitutional violation by prison officials.

[3]  Defendant filed a supplement to the *Martinez* Report on September 26, 2012.  (Doc. no. 65.)

although he does not explain exactly what he means by this.

It is well established that plaintiffs in civil cases do not have a constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, a district court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). *See* 28 U.S.C.A. § 1915(e)(1) (West 2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). When deciding whether to appoint counsel, the court considers a variety of factors "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Weighing the above factors, the Court concludes that appointed counsel is not justified here. First, court records reveal that Plaintiff has extensive *pro se* litigation experience, having filed numerous cases in this venue alone, and Plaintiff has demonstrated the ability to adequately present his claims on his own. Second, although Plaintiff's incarceration undoubtedly presents challenges for conducting discovery, as discussed in more detail below, additional discovery is not necessary to resolve this case. Finally, the facts of this case are quite simple and the legal issues presented are not especially complex. Thus, the Court concludes that appointment of counsel is not warranted at this time.

### III. Plaintiff's Discovery Motions

Plaintiff has filed discovery motions requesting the following: (1) sworn affidavits from Corporal Dan Halacy, Officer Jordan Bonyai and Sergeant Diamond (doc. no. 44); (2) Defendant McCarty's employment records (doc. no. 45); (3) any investigation reports produced by the Weber County Sheriff's Office regarding the incident (doc. nos. 46 and 59); and, (4) leave to depose Officer Jordan Bonyai (doc. no. 49). Plaintiff asserts that this discovery is necessary for him to properly respond to Defendant's summary judgment motion. Defendant has opposed Plaintiff's discovery requests as both untimely and irrelevant.

Even ignoring the untimeliness of Plaintiff's discovery requests, the Court has no reason to believe that additional discovery might reveal evidence to support Plaintiff's claims. The essence of Plaintiff's argument for additional discovery is that certain jail officials were not entirely forthcoming during the initial inquiry into Plaintiff's grievance, but they later changed their positions during the formal investigation and confirmed that Defendant made an inappropriate statement toward Plaintiff. As part of the Supplemental *Martinez* Report filed at the Court's request, Defendant submitted a copy of the Weber County Sheriff's Office Internal Affairs Investigation Report ("Investigation Report"). (Doc. no. 65, Ex. 3 (filed under seal).) The Court has reviewed the Investigation Report and determined that it does not include admissible evidence of any wrongdoing by Defendant besides the single inappropriate statement to which he has already admitted. Because the sole question at bar is whether that inappropriate statement is sufficient to support a constitutional claim, the possibility that some jail officials may not have initially been entirely forthcoming regarding the incident is irrelevant; nor would

such actions be sufficient to support a separate constitutional claim.  Thus, there is no need for additional testimony from the non-party officers.  Moreover, given Defendant's admissions that he made the inappropriate statement and was disciplined for it, there is no reason to believe that production of Defendant's employment records is likely to bolster Plaintiff's claims.

Thus, because Plaintiff's request for the Investigation Report is moot, and the additional discovery requested by Plaintiff is not relevant to the question at bar, Plaintiff's discovery motions are denied.

### IV.  Defendant's Motion for Summary Judgment

#### A.  Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses," *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986), thus, a party may move for partial summary judgment by "identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a).

The party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325.  This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998).  Once the moving party satisfies its initial

burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* A fact in dispute is "material" only if it might affect the outcome of the suit under governing law. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). The dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A nonmovant "that would bear the burden of persuasion at trial" must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). Mere allegations and references to the pleadings will not suffice, instead, the specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Moreover, "the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir .1991). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999). Conclusory allegations are given no weight, and "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome a summary judgment motion. *Anderson*, 477 U.S. at 249, 252.

## B. Material Facts[4]

1.     Plaintiff was, during the relevant time of December 2009, a pretrial detainee incarcerated at the Weber County Jail.  (Dep. Gaskins 19:16-20 and 27:18-23).

2.     Cameron McCarty is the sole remaining Defendant in this case.  During all relevant times in December 2009, he was a Correctional Assistant employed by the Weber County Sheriff's Office.  Defendant has worked as a Correctional Assistant for the last three years at the Weber County Jail ("Jail").  (Aff. McCarty ¶ 3).  One of Defendant's assignments was to sit in the Jail's pod control center and communicate with inmates located in nearby cells through an intercom system.  (Aff. McCarty ¶ 3.)

3.     The incident alleged in the Amended Complaint occurred on December 21, 2009, while Plaintiff was housed in a cell at the Jail.  Plaintiff began communicating with Defendant, who was located in the nearby pod control room, via the intercom system.  (Aff. McCarty ¶ 5; Dep. Gaskins 31:8-10.)

4.     Defendant was approximately 70 feet away from Plaintiff and was separated by three separate barriers (Plaintiff's cell door, the Dayroom wall, and the Control Room wall).  (Aff. McCarty ¶¶ 4, 5 and 7.)

5.     Plaintiff requested to see a doctor to have a cast on his arm removed.  Defendant denied this request because a doctor had not given orders to have the cast removed.  Defendant

---

[4] The material facts presented here are drawn from the parties summary judgment briefs and supporting materials. The facts are construed in the light most favorable to Plaintiff, the non-moving party.  Except as noted herein, these facts are not genuinely undisputed.

instructed Plaintiff to sit in his cell quietly.  (Aff. McCarty ¶ 5.)

      6.      Plaintiff ignored this instruction and continued to use the intercom system. Defendant continued to ask the Plaintiff not to use the intercom system.  (Aff. McCarty ¶ 5.)

      7.      After Plaintiff repeatedly pestered Defendant, Defendant told Plaintiff: "You shut up or I'll come on down there and shove my dick down your throat."  (Aff. McCarty ¶ 6; Dep. Gaskins 31:19-25.)  Defendant quickly apologized for this inappropriate comment.  (Aff. McCarty ¶ 6.)

      8.      At no time during the interaction did Defendant ever touch Plaintiff, and Plaintiff suffered no physical injury.  (Aff. McCarty ¶ 10; Dep. Gaskins 49:25-50:5.)

      9.      During all times Plaintiff was incarcerated at the Jail, and up until the present time, the Jail has had a three-level grievance procedure which allows an inmate to file a grievance regarding any aspect of his conditions of confinement.  (Aff. Burton ¶ 6.)

      10.      Plaintiff filed a Level I grievance on December 28, 2009, regarding the incident on December 21, 2009.  Plaintiff only grieved about the verbal comment Defendant made to him, and nothing else.  (Aff. Burton ¶ 11.)  This Level I grievance was deemed unfounded by Sergeant Margaret Karageannes on December 30, 2009.  (Aff. Burton ¶ 7.)

      11.      On January 5, 2010, Plaintiff filed a Level II grievance requesting an investigation into the handling of his initial grievance.  That same day, Plaintiff's Level II grievance was forwarded to Lieutenant Florence Petersen for further investigation.  On February 3, 2010, Lt. Petersen responded stating that based on further investigation Plaintiff's grievance was founded, however, Petersen did not state what, if any, further action would be taken.  (Doc. no 40, Ex. A at

9; Aff. Burton ¶ 8).

    12.    Plaintiff filed a Level III grievance appeal on January 29, 2010, to which he never received a response.  (Aff. Burton ¶ 9).

    13.    Plaintiff never filed any other grievances against Defendant, and Defendant never made any other inappropriate comments to Plaintiff.  (Aff. McCarty ¶¶ 8, 10; Aff. Burton ¶ 12).

    14.    Chief Kevin Burton is the Weber County Jail Commander.  In this role, he is responsible for the overall administration of the jail, including the grievance process.  He reviewed Plaintiff's grievances relating to the incident of December 21, 2009.  (Aff. Burton ¶¶ 2-5).  Chief Burton states that Defendant was disciplined for making the inappropriate statement to Plaintiff.  (Aff. Burton ¶ 11.)

    15.    Defendant states that as a result of his inappropriate comment he was suspended for one day without pay and put on one year of probation.  (Aff. McCarty ¶ 9.)

    16.    Plaintiff brought suit against Defendant on January 25, 2010, alleging constitutional violations under 42 U.S.C. § 1983.  After various corrections, Plaintiff filed the current Amended Complaint against Defendant on April 27, 2011.

### C.  Eighth Amendment Legal Standard

The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials "provide humane conditions of confinement by ensuring that inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee inmates' safety."  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  Although pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause

rather than the Eighth Amendment, *see Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S. Ct. 1861 (1979)), the Tenth Circuit has held that the Eight Amendment deliberate indifference standard provides the benchmark for all conditions of confinement claims, regardless of whether the plaintiff is a prisoner or a pretrial detainee. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002).

An Eighth Amendment conditions-of-confinement claim consists of both an objective and subjective component. The objective component is met only if the condition complained of is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994). A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate. *Id.* Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations . . . may meet the standard despite a shorter duration." *Id.*

The subjective component of a conditions-of-confinement claim requires the plaintiff to show that the defendant exhibited "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 832. Deliberate indifference "requires both knowledge and disregard of

possible risks, a *mens rea* on a par with criminal recklessness." *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001). The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Regarding sexual assaults, the Tenth Circuit has expressly acknowledged that an "inmate has a constitutional right to be secure in [his or her] bodily integrity and free from attack by prison guards." *Hovater v. Robinson,* 1 F.3d 1063, 1068 (10th Cir. 1993). However, it is also well settled that verbal sexual harassment and intimidation alone do not state a claim under the Eighth Amendment. *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995). Instead, claims of verbal harassment are only actionable "[i]n combination" with actual physical assaults. *See, e.g., Women Prisoners v. Distr. of Columbia,* 877 F. Supp. 634, 665 (D. D.C. 1994).

### D. Evidentiary Sufficiency

Defendant has presented ample evidence showing that he never physically attacked Plaintiff and that Plaintiff did not sustain any physical injury as a result of Defendant's actions. Moreover, Defendant has shown that the isolated verbal statement was the only incident where Defendant acted inappropriately toward Plaintiff and that Defendant was properly disciplined for this statement. This evidence is sufficient to satisfy Defendant's initial burden on summary judgment of showing that Plaintiff's alleged injury was not sufficiently serious to satisfy the objective prong of the *Farmer* test. Thus, Defendant has shifted to Plaintiff the burden of showing that there are genuine issues of material fact remaining which preclude summary judgment for Defendant.

Plaintiff has not met his burden.  Plaintiff's response to Defendants' summary judgment motion consists of little more than a recitation of the conclusory allegations made in his Amended Complaint without any evidentiary support whatsoever.  Plaintiff has not presented any evidence to support his allegations that Defendant "made sexual advances toward [Plaintiff]" or that he "tried to use [Plaintiff] as his slave."  (Am. Compl. at 3.)  In fact, Plaintiff has offered nothing to contradict Defendant's showing that Plaintiff's entire case revolves around a single incident in which Defendant made a flippant, albeit vulgar and inappropriate, comment toward Plaintiff.  Regardless of the mental or emotional trauma this comment may have caused Plaintiff, the Eighth Amendment simply does not reach such behavior.  *Adkins*, 59 F.3d at 1037.

Plaintiff has also failed to give the Court any reason to believe that additional discovery might reveal evidence to support his claims.  As previously discussed, the fact that some jail officials may not have initially been entirely forthcoming about the incident does not bolster Plaintiff's Eighth Amendment claim, nor does it show a denial of due process.  Moreover, all of the evidence in the record corroborates Defendant's sworn statement that the isolated verbal threat was the only instance where Defendant acted inappropriately toward Plaintiff.  Plaintiff's bald assertion that additional discovery might reveal an injury of constitutional dimensions is entirely speculative and is not sufficient to create a genuine issue of material fact.

Thus, the Court concludes that there are no genuine issues of material fact here and Defendant is entitled to judgment as a matter of law.  Because there is no evidence of a constitutional violation it is not necessary to address Defendant's exhaustion and qualified immunity arguments.

# ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Appoint Counsel (doc. no. 55) is **DENIED**;

(2) Plaintiff's motions for discovery (doc. nos. 44-46, 49, 59) are **DENIED**;

(3) Defendant's Motion for Summary Judgment (doc. no. 39) is **GRANTED**; and,

(4) this case is **CLOSED**.

DATED this 27th day of September, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge